UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

WELLINGTON CLASE,

                           Plaintiff,

              v.

THE UNITED STATES, THE CITY OF NEW
YORK, SPECIAL AGENT THOMAS
KALOGIROS, DETECTIVE JOHN BARRATT,
DETECTIVE MICHAEL O'BRIEN,
UNDERCOVER CO177, JOHN DOES 1–15,
ANDREW THORNE, and DETECTIVE STEPHEN
MILLWATER,

                           Defendants.

**ORDER**
17-CV-2247 (MKB) (ST)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Wellington Clase commenced the above-captioned action on April 30, 2017 against the United States and Special Agent Thomas Kalogiros (the "Federal Defendants"), and The City of New York, Detective Michael O'Brien, Detective John Barratt, (the "City Defendants"), Undercover CO177, John Does 1–15, Andrew Thorne, and Detective Stephen Millwater,[1] (Compl., Docket Entry No. 1), and filed an Amended Complaint against the same Defendants on November 18, 2017. (Am. Compl., Docket Entry No. 30.) Plaintiff alleges that he was arrested and imprisoned based on a false identification in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (*Id.*) Plaintiff asserts claims pursuant to 42 U.S.C. § 1983, the Federal Tort Claims Act, 28 U.S.C. § 1346 *et seq.*, *Bivens v.*

---

[1] Although named as Defendants, Plaintiff never served summonses upon Undercover CO177, John Does 1–15, Andrew Thorne, and Detective Stephen Millwater. (Summons Returned Executed, Docket Entry Nos. 13–14, 18–20.)

*Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and state law claims of false arrest and false imprisonment, malicious prosecution, excessive force, unlawful search and seizure, failure to intervene, denial of a constitutional right to a fair trial, assault and battery, and negligence. (*See id.*) The Federal and City Defendants move separately for summary judgment[2] and Plaintiff opposes the motions.[3] On April 3, 2020, the Court referred the motions to Magistrate Judge Steven Tiscione for a report and recommendation. (Order dated Apr. 3, 2020.) By report and recommendation dated November 2, 2020, Judge Tiscione recommended that the Court grant Defendants' motions for summary judgment and dismiss all claims (the "R&R"). (R&R, Docket Entry No. 76.)

For the reasons set forth below, the Court adopts the report and recommendation and grants Defendants' motions for summary judgment.

## I. Background

First, Judge Tiscione recommended dismissal of the false arrest and false imprisonment claims because Plaintiff's arrest was initiated by an arrest warrant issued by a New York State justice of the peace, and therefore, there was probable cause to arrest Plaintiff. (*Id.* at 11–12.) Second, Judge Tiscione recommended dismissal of the unlawful search claim because

---

[2] (Federal Defs.' Mot. for Summ. J. ("Federal Defs.' Mot."), Docket Entry No. 68; Federal Defs.' Mem. in Supp. of Federal Defs' Mot. ("Federal Defs.' Mem."), Docket Entry No. 68-2; City Defs.' Mot. for Summ. J. ("City Defs.' Mot."), Docket Entry No. 69; City Defs.' Mem. in Supp. of City Defs.' Mot., Docket Entry No. 71.)

[3] In his opposition to the summary judgment motions, Plaintiff withdrew all claims against the Federal Defendants except the claims for false arrest and false imprisonment, unlawful search and seizure, and denial of the right to a fair trial. (R&R 5; Pl.'s Opp'n to Federal Defs.' Mot. 3.) Plaintiff also withdrew all claims against the City Defendants except the false arrest and false imprisonment claims. (Pl.'s Mem. in Opp'n to Federal Defs.' Mot. ("Pl.'s Opp'n to Federal Defs.' Mot."), Docket Entry No. 64; Pl.'s Mem. in Opp'n to City Defs.' Mot. ("Pl.'s Opp'n to City Defs.' Mot."), Docket Entry No. 65.)

Plaintiff did not submit any evidence of an unlawful search. (*Id.* at 12–13.) Third, Judge Tiscione recommended dismissal of the unlawful seizure claim because Plaintiff did not demonstrate that he faced prolonged detention due to Special Agent Kalogiros' mishandling or intentionally withholding any exculpatory evidence. (*Id.* at 13.) Fourth, Judge Tiscione recommended that the Court grant the motion as to the fair trial claim because the record does not contain any evidence that Special Agent Kalogiros fabricated evidence. (*Id.* at 16–17.)

No party has objected to the R&R and the time for doing so has expired.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (citing *Arn*, 474 U.S. at 155)); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives

3

appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003); and then citing *Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court adopts the R&R, grants the motion for summary judgment and dismisses the Amended Complaint with prejudice. The Clerk of Court is directed to close this case.

Dated: November 30, 2020
      Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge